By the Court.
Sedgwioic, Ch. J.
The action was upon the following instrument made by the defendant:
“Hew York, Oct. 18, 1883.
“Messrs. McCreery &Co., Gentlemen :—I will become responsible for $350 of Miss Flora Livingston’s bill of costumes, provided that you deliver to her on receipt of this letter, the full bill of goods. Bespectfully, yours, Wm. F. Duncan.”
On the trial it was assumed that the full bill of goods mentioned in the instrument, referred to costumes and *451 other goods, which were to be sold at one time by the plaintiff to Miss Livingston.
. The merits of the case appear to be with the plaintiff, but certain legal questions made by defendant are to be considered.
There was no legal objection to the plaintiff’s giving in evidence the conversation of Miss Livingston in the absence of the defendant. That conversation was part of the contract of sale and delivery, which was referred to in the instrument on which the action was brought. And it was competent to prove at what place Miss Livingston verbally directed that the goods should be delivered. A delivery in pursuance of that direction would be a delivery to her.
There was no legal objection to the witness, Paul, giving a part of the contents of books that he kept for the plaintiffs, without producing the books. The defendant made no objection on that ground. That witness also knew the correctness of the amount of money credited to Miss Livingston, as entered in the book. He did not remember the dates, but he kept the book and himself made the entries. Indeed, the only question on this subject objected to by defendant’s counsel, called only for the witness’ 'memory of the actual facts.
The defendant’s counsel objected that there was no proof of the delivery to Miss Livingston of the goods sold to her. The circumstantial evidence, and as a part of it, Miss Livingston’s conduct and payments, were so significant that it would have been incorrect not to take this question from the jury, and the defendant did not ask to go to the jury on this part of the issue.
It was further objected that the testimony incontrovertibly showed that Miss Livingston had paid §535 of the bill charging for costumes §550, and that thereupon, the defendant could not be made liable for more than §15. The evidence seems to have been contrary to this. The various articles sold were ordered on different dates, the costumes being ordered the last of all. Miss Livingston *452 did not apply the money she paid to any particular portion of the indebtedness, which left the plaintiffs at liberty to make the application, which presumably was not made to destroy the benefit they held in defendant’s promise.
The defendant’s counsel objected that defendant’s mind had not met the minds of plaintiffs on the point of whether his obligation was to be responsible that Miss Livingston should pay upon her bill $350 ; or to pay abalance of that amount, she having paid the rest. It is not objected that the law puts the latter construction upon the defendant’s agreement. He made no mistake as to the actual words of the agreement. He delivered it to the plaintiffs who, on the faith of its true construction, parted with their property. He is, therefore, liable according to its true construction.
A motion was made to set aside the verdict as excessive. This was placed upon the claim that thé amount of the bill at the time the writing was signed, was but $743, and that $535 having been paid on account, only $208 was due. This ground is not made good by the testimony, for by it the amount beyond $743, was for the only costumes ordered and the defendant was responsible only for what might be due for costumes.
The remaining exception to be noticed is to the refusal to direct judgment for the defendant on the complaint, the motion being made before any testimony was given. The claim was that the complaint did not show any cause of action. It was said to be defective, in not setting out the performance of the condition on which, according to the instrument, the defendant was to be responsible. The condition in the writing was 1 ‘ provided that you deliver to her on receipt of this letter, the full bill of goods.” The complaint averred “that the plaintiff thereupon on receipt of said promise of the defendant, &c., sold and delivered to said Flora Livingston, certain goods, &c., of the value, &c.” This would be sufficient, if there is a reasonable intendment in the complaint that the delivery was of all the goods sold. There is such an intendment. An asser *453 tion that on an occasion certain goods were sold, implies that that fully describes all the goods that were sold, when nothing preceding the assertion indicates a purpose of limiting the assertion to part of the goods.
The judgment and order appealed from should be affirmed, with costs.
Truax and O’Gorman, JJ., concurred.